UNITED STATES of America,
Plaintiff-Appellee,

v.

Bobby Rufus BARFIELD, Defendant-
Appellant.

No. 18280.

United States Court of Appeals
Sixth Circuit.

Jan. 10, 1969.

Kyle R. Weems, Chattanooga, Tenn. (Court Appointed), for appellant.

Thomas A. Williams, Asst. U. S. Atty., Chattanooga, Tenn., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on brief, for appellee.

Before O'SULLIVAN, CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

Bobby Rufus Barfield appeals from a judgment sentencing him to fifteen years imprisonment for aiding and abetting in the robbery of a federally insured bank. The evidence is clearly sufficient to show that Barfield committed the acts charged.

The only evidence presented in Barfield's behalf was psychiatric testimony tending to show that he suffered from a psychotic mental illness and "lacked substantial capacity to refrain from the wrongfulness of his conduct." The trial judge submitted the case to the jury, giving the insanity instruction approved by this Court in Pollard v. United States, 6 Cir., 282 F.2d 450 (1960).

In the recent case of United States v. Smith, 404 F.2d 720, decided November 25, 1968, this Court adopted a modified version of the ALI Model Penal Code test of criminal responsibility. That test provides generally that a defendant is not responsible for his crime if he was suffering from a mental illness at the time of his criminal act which prevented him from knowing the wrongfulness of his act or rendered him substantially incapable of conforming his conduct with the requirement of the law. Smith, supra, at page 727. Also see United States v. Mullins, 404 F.2d 938, decided by this Court on December 10, 1968.

Under the rule of limited retroactivity laid down in *Smith* at page 728, the judgment in this case is reversed and the cause remanded to the District Court for retrial. For the benefit of the court and counsel, we observe that the other assignments of error raised on this appeal are without merit.

Reversed and remanded.